**GOODMAN et al. v. TOPLITZ.** (No. 1121.)

(Court of Civil Appeals of Texas. El Paso. May 20, 1920.)

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by L. S. Toplitz against L. Goodman and Theo. Meyer. Judgment for plaintiff, and defendants appeal. Affirmed.

Loomis & Kirkland, of El Paso, for appellants.

Beall, Kemp & Nagle and H. Potash, all of El Paso, for appellee.

WALTHALL, J. This suit was brought by appellee, L. S. Toplitz, to recover on a promissory note executed by Theo. Meyer and L. Goodman, and made payable to L. S. Toplitz, for the principal sum of $4,100, due and payable 90 days after date, with interest from date, and containing the usual 10 per cent. attorney's fee clause and accelerated maturity clause. The note was given in payment of a stock of shoes sold by appellee to appellant Meyer.

In addition to the general denial, suretyship of Goodman, and certain credits admitted by appellee, appellants pleaded that Toplitz in making the sale of the shoes to Meyer made misrepresentation as to the shoes, and warranted said shoes to be of a certain kind and character. By supplemental petition appellee pleaded that the shoes were sold in bulk; that they were counted out to and accepted by Meyer; that thereafter Meyer made payments on the note and asked for extension of time and repeatedly promised to pay said note, and denied that Goodman was surety on the note.

The case was tried before the court without a jury. The court made and filed findings of fact to the effect: That appellants executed and delivered to appellee the note sued on; found the credits made on the note in the total amount of $1,000, and that same was applied at the several times when made, first to the discharge of the interest, and the balance to the principal; that the note was placed in the hands of an attorney for collection; found the balance due on the note, principal, interest, and attorney's fee, in the total sum of $3,648.37; that the note was due and unpaid; that the note was given in consideration of a stock of shoes sold by appellee to appellant Meyer; "that Toplitz made no false representations as to the kind, quality, size, or style of the shoes, nor the number thereof, and that the full number purchased by Meyer was delivered to him by Toplitz; that the sale of the shoes was a sale in bulk, and not a sale in parcels; and that the market value of the shoes delivered to Meyer was not less than $4,100," the amount of the note. Judgment was entered for appellee against appellants for the amount found due, with interest and attorney's fee, as provided in the note.

Appellants present two assignments of error. The first claims error to the court's finding that Toplitz made no false representations as to the kind, quality, size, and style of the shoes sold by him to Meyer, because said finding is not supported by the evidence. The second claims error in the finding that the sale of the shoes was made in bulk, and not parcels, because not supported by the evidence.

A careful examination of the evidence satisfies us that both of the court's findings complained of are well sustained by the evidence. We need not reproduce the evidence here.

Finding no error, the case is affirmed.